UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD C. GREEN,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL[1], *Acting Commissioner of Social Security*,<br><br>    Defendant. | Case No. LA CV 16-3645 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Chad C. Green ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Plaintiff contends that the Administrative Law Judge ("ALJ") failed to discuss his mother's administrative hearing testimony, and inadequately assessed her third-party function report. (*See* Joint Stip. at 34-36, 38-40.) The Court agrees with Plaintiff for the reasons discussed below.

---

[1] The Court **DIRECTS** the Clerk of Court to update the case caption to reflect Nancy A. Berryhill as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

1

A. The ALJ Improperly Ignored Plaintiff's Mother's Testimony, and Inadequately Assessed Her Third-Party Function Report

As a general matter, the ALJ may discount the testimony of lay witnesses only if he or she provides specific "reasons that are germane to each witness." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); *accord Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.").

Here, first, the ALJ failed to acknowledge Plaintiff's administrative hearing testimony at all, let alone provide reasons for disregarding it.[2] (AR at 17, 42-47, 75-86); *see Tobeler v. Colvin,* 749 F.3d 830, 833-34 (9th Cir. 2014) ("[L]ay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and therefore cannot be disregarded without comment"); *White v. Colvin*, 585 F. App'x 425, 426 (9th Cir. 2014) ("ALJ . . . erred by failing to explain her reasons for disregarding the lay witness testimony of [claimant's] wife, . . . and by failing to discuss it altogether.").

Second, the ALJ's one-line mention of Plaintiff's mother's third-party function report is simply insufficient for appellate review. (AR at 17, 212-19); *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (federal courts "demand that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review"); *Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) (reviewing court may only affirm agency action on grounds invoked by agency).

---

[2] The Commissioner does not directly respond to Plaintiff's argument that the ALJ failed to address his mother's administrative hearing testimony, and instead merely states that this omission "does not take away from the ALJ's consideration of Plaintiff's mother's function report." (*See* Joint Stip. at 37 n.8); *see Kinley v. Astrue*, 2013 WL 494122, at *3 (S.D. Ind. Feb. 8, 2013) ("The Commissioner does not respond to this [aspect of claimant's] argument, and it is unclear whether this is a tacit admission by the Commissioner that the ALJ erred or whether it was an oversight. Either way, the Commissioner has waived any response.").

2

Thus, the ALJ improperly failed to discuss Plaintiff's mother's testimony, and inadequately assessed her third party function report.

B. <u>Remand is Warranted</u>

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to direct an immediate award of benefits. *Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where outstanding issues must be resolved before a determination can be made, or where the record does not make clear that proper evaluation of the evidence would require a disability finding, remand is appropriate. *Id*. at 594.

Here, in light of Plaintiff's severe impairments related to his head injury, and high relevance of his mother's testimony and third-party function report[3], the Court cannot confidently conclude that the error in ignoring the evidence was harmless. *See Marsh*, 792 F.3d at 1173. On remand, the ALJ shall assess the testimony and third-party function report, and either credit them, or provide germane reasons for any rejected portion. *Dodrill*, 12 F.3d at 919; *Lewis*, 236 F.3d at 511.

Finally, the Court is mindful that "the touchstone for an award of benefits is the existence of a disability, not the agency's legal error." *Brown-Hunter*, 806 F.3d at 495. Because it is unclear, on this record, whether Plaintiff is in fact disabled, remand here is on an "open record." *Id*.; *Burrell v. Colvin*, 775 F.3d 1133, 1141-42 (9th Cir. 2014). The parties may freely take up any issue raised in the Joint Stipulation, and any other issues relevant to resolving Plaintiff's claim of disability, before the ALJ. Either party may address those points in the remanded, open proceeding.

---

[3] Plaintiff suffered traumatic brain injury from a car accident. (AR at 15, 64-65.) He was in a coma for two weeks, received significant treatment, and had to move back in with his mother after the accident. (*Id*. at 33-35, 42, 56, 64-65, 73-74, 212; Joint. Stip. at 35 (Commissioner concedes that "Plaintiff experienced head trauma and had significant treatment related to the accident . . . .").) His mother provided detailed testimony about his abilities at two administrative hearings. (AR at 42-47, 75-86.)

3

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

DATED: September 6, 2017

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*